# IN THE COURT OF APPEALS OF IOWA

No. 22-0193
Filed September 21, 2022

**KEVIN JAMES NOEL,**
    Plaintiff-Appellant,

**vs.**

**JESSICA ANN DORSEY,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Jeffrey D. Bert, Judge.

Kevin Noel appeals the physical care provision in a custody modification.

**AFFIRMED IN PART AS MODIFIED AND REMANDED.**

Chase Cartee of Cartee Law Firm, P.C., Davenport, for appellant.

John Q. Stoltze of Stoltze Law Group, PLC, Des Moines, for appellee.

Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**BOWER, Chief Judge.**

Kevin Noel appeals a portion of a custody modification order allowing for joint physical care. We affirm in part as modified and remand for further proceedings.

**I. Background Facts & Proceedings.**

Kevin Noel and Jessica Dorsey are the unmarried parents of a child born in 2014. In 2017, a stipulated decree ordered joint legal custody, physical care with Jessica, and "liberal and extraordinary visitation" for Kevin.

For the first few months of 2020, Kevin and Jessica were effectively maintaining joint physical care of the child. In spring 2020, Jessica told Kevin she wanted to move to another state for a job promotion. Kevin opposed Jessica moving with the child. The child started kindergarten that fall in Grinnell. In November 2020, Kevin filed an application to modify the decree. He also filed an application for temporary injunction to enjoin Jessica from moving the child out of state. One week later, before notice of the modification application and injunction were served, Jessica moved to Texas with the child, claiming she would be starting a new job in three days.

A modification trial was held on October 19 and 20, 2021. After hearing the evidence, the court expressed concerns about Jessica's behavior and lack of candor, finding she intentionally misled Kevin about her employment status in Iowa and Texas. The court noted Kevin's family lives in Wisconsin and Jessica's mother lives near Kevin, while Jessica had a limited support system in Texas. Jessica testified she would move back to Iowa if the child was placed with Kevin.

The district court ordered that if Jessica remained in Texas—or anywhere outside a one-county radius around Scott County—Kevin would have physical care of the child and Jessica's visitation would be one weekend a month, five weeks during summer vacation, and spring break in alternate years.[1] If, however, Jessica relocated to Scott County or an adjoining county by February 7, 2022, the parties would have joint physical care, alternating custody week to week. Kevin was authorized to enroll the child in school beginning in January 2022 regardless of whether Jessica stayed in Texas or moved back to Iowa.

Kevin filed a motion to reconsider, asserting because neither party had requested joint physical care, the court lacked the authority to order it. In her response, Jessica asserted the court had the authority to order whatever physical care arrangement it determined to be in the child's best interests.[2] The court denied Kevin's motion to reconsider, stating Jessica's request for "any and all relief the court deems just and equitable" was an implicit recognition of the court's power to determine the appropriate relief.

Kevin appeals the joint-physical-care portion of the district court's order.

**II. Standard of Review.**

"Our review of a modification proceeding is de novo in light of the fact the case was heard in equity." *Christy v. Lenz*, 878 N.W.2d 461, 464 (Iowa Ct. App. 2016). "We give weight to the findings of the district court, particularly concerning

---

[1] No provision was made for holiday visitation if Kevin had physical care.

[2] Jessica's brief includes facts from the time period following the court's ruling on Kevin's motion to reconsider. Those facts were not in evidence at the time of the court's decision, and counsel should not have included or attempted to base arguments on them. We do not consider facts outside the evidentiary record.

the credibility of witnesses; however, those findings are not binding upon us." *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013).

**III. Analysis.**

"If joint legal custody is awarded to both parents, the court *may* award joint physical care to both joint custodial parents upon the request of either parent." Iowa Code § 598.41(5)(a) (2020); *see id.* § 600B.40(2) (stating section 598.41 applies in determining visitation and custody arrangements of unmarried parents). In his petition to modify, Kevin asked for physical care of the child and for Jessica to have reasonable visitation. In her answer and counterclaim, Jessica asked the court to deny Kevin's modification and to modify Kevin's visitation because of the move. Noticeably absent from either filing was an alternative request for joint physical care if the court denied their claims. Neither party mentioned the possibility of joint physical care during the modification hearing. Because neither Jessica nor Kevin requested joint physical care, the issue was not properly before the district court and should not have been ordered. *See id.*; *In re Marriage of Fennelly*, 737 N.W.2d 97, 101–02 (Iowa 2007) (finding joint physical care *was* requested); *In re Marriage of Cerwick*, No. 12-1188, 2013 WL 2370722, at *3 (Iowa Ct. App. May 30, 2013) ("Our statute makes clear, however, that the district court may consider joint physical care *upon the request of either party*."). We reverse the portion of the modification order establishing joint physical care.

We modify the district court decision awarding joint physical care to Kevin and Jessica. As Jessica has not contested the portion of the ruling awarding physical care to Kevin absent a joint-physical-care arrangement, we affirm the modification. However, the district court's visitation schedule is highly restrictive—

not even accounting for major holidays. We direct the district court to award Jessica liberal visitation and remand to set forth an appropriate visitation schedule ensuring continuity and stability for the child, to place the child in the best position for active contact and attention from both parents, and to support the parent–child relationships. *See* Iowa Code § 598.41(3)(b), (d), (e); *Christy*, 878 N.W.2d at 464-65, 467 (discussing visitation schedule).

## IV. Attorney Fees.

Kevin and Jessica each request appellate attorney fees. We "may award the prevailing party reasonable attorney fees." Iowa Code § 600B.26. "Appellate attorney fees are not a matter of right but may be awarded as a matter of discretion." *Hensch v. Mysak*, 902 N.W.2d 822, 827 (Iowa Ct. App. 2017). "Whether such an award is warranted is determined by considering 'the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal.'" *Markey v. Carney*, 705 N.W.2d 13, 26 (Iowa 2005) (citation omitted). Based on these factors, we decline to award appellate attorney fees to either party. Costs of the appeal shall be split equally.

**AFFIRMED IN PART AS MODIFIED AND REMANDED.**